UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FERMAN PINEDA-CASTILLO,<br><br>Defendant. | 4:15-CR-40110-KES-1<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Ferman Pineda-Castillo, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 135. Plaintiff, the United States of America, opposes Pineda-Castillo's motion. Docket 137. For the following reasons, Pineda-Castillo's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Pineda-Castillo's Guideline range, based on a total offense level of 33 and a Criminal History Category of II, was 151-188 months' custody. Docket 91 at 15. Pineda-Castillo had 3 criminal history points based on his previous convictions for possession of a controlled substance and driving under the influence. *Id.* at 11.

On February 27, 2024, Pineda-Castillo filed a motion requesting a reduction to his sentence pursuant to the Guidelines amendments applicable to certain zero-point offenders. Docket 135.

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant

offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

U.S.S.G. § 4C1.1(c) does not apply to Pineda-Castillo because he had 3 criminal history points. *See* Docket 91 at 11. Therefore, his motion is denied.

## CONCLUSION

It is ORDERED that Pineda-Castillo's motion (Docket 135) is DENIED.

Dated March 25, 2024.

       BY THE COURT:

       */s/ Karen E. Schreier*
       KAREN E. SCHREIER
       UNITED STATES DISTRICT JUDGE

3